United States Court of Appeals
Fifth Circuit

**F I L E D**

February 17, 2006

Charles R. Fulbruge III
Clerk

REVISED FEBRUARY 21, 2006
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 05-30387
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

DAVID VINCENT DUHON,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana

_____

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:


The Government appeals the district court's post-*Booker*, non-Guideline sentence.  We hold that the sentence is unreasonable with regard to the sentencing factors enumerated in 18 U.S.C. § 3553(a)(2000).


## I.  BACKGROUND

Appellee David Duhon pleaded guilty to one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(2000).  Duhon submitted a factual stipulation in connection with his plea.  He acknowledged that FBI agents found images of children engaged in

sexually explicit activity on his computer.  Duhon admitted that he had downloaded the pictures from the Internet.

A.    THE PRESENTENCE REPORT AND FIRST SENTENCING HEARING

The presentence report ("PSR") determined a base offense level of fifteen.  U.S.S.G. § 2G2.4 (2002).[1]  It recommended three two-level enhancements under section 2G2.4(b) because (1) the material involved minors under twelve, (2) the offense involved the possession of ten or more images, and (3) Duhon used a computer. The PSR also subtracted three levels for acceptance of responsibility. U.S.S.G. § 3E1.1.  Thus, it arrived at an adjusted offense level of eighteen.  Given Duhon's category I criminal history, the PSR calculated the Guideline range at twenty-seven to thirty-three months imprisonment.

Duhon objected to the PSR's suggested enhancements for the age of the children and number of images involved, citing *Blakely v. Washington*, 542 U.S. 296 (2004).  He argued that these facts had neither been admitted to nor found by a jury beyond a reasonable doubt.  He also moved for a downward departure, claiming that a back injury he suffered in 1987 was an extraordinary physical

---

[1] All references to the Sentencing Guidelines are to the 2002 volume, which was in effect at the time of Duhon's offense. Both the PSR and the district court used the 2002 Guidelines to calculate Duhon's sentencing range because the newer Guidelines in effect at the time of Duhon's sentencing were less favorable to him.  *See United States v. Domino*, 62 F.3d 716, 720 (5th Cir. 1995).

impairment that warranted a sentence below the applicable Guideline range. *See* U.S.S.G. § 5H1.4.

At a sentencing hearing on August 25, 2004, the district court denied Duhon's motion for a downward departure. Considering Duhon's *Blakely* motion, the court decided to stay sentencing until the Supreme Court issued its ruling in *United States v. Booker,* 125 S. Ct. 738 (2005). Before adjourning, the court expressed hostility toward the Sentencing Guidelines, lamented Congress's criminalization of possessing child pornography, and promised that he would give Duhon "the lowest sentence I can give consistent with my oath."

B.    THE POST-*BOOKER* SENTENCING HEARING

Following the *Booker* ruling, the sentencing was reconvened on February 28, 2005. Over the Government's objection, the district court ruled that *Booker* precluded it from using facts not admitted by Duhon to enhance his sentence, even under an advisory regime. The court calculated a Guideline range without using the enhancements for the age of the children or the number of images involved in the offense. This calculation resulted in an offense level of fourteen and an advisory term of imprisonment of fifteen to twenty-one months. The court announced, however, that it would not follow the Guidelines, characterizing them as "totally discretionary." It stated that it would use the discretion granted

3

by *Booker* to "deviate from the United States Sentencing Commission Guidelines and impose a sentence that . . . is appropriate based on the facts."[2] The court explained why it thought a lesser sentence was appropriate and sentenced Duhon to sixty months probation.

The Government reiterated its objection to the court's calculation of the Guideline range. The court responded that it would have imposed the same sentence regardless of which advisory Guideline range was correct. The Government claims on appeal that the probationary sentence imposed by the district court is unreasonable.

## II. STANDARD OF REVIEW

The district court's interpretation of the Guidelines, even after *Booker*, is reviewed *de novo*. *See United States v. Smith*, __ F.3d __, No. 05-30313, slip op. at n.2 (5th Cir. filed Feb. 17, 2006). We accept the district court's findings of fact unless clearly erroneous. *United States v. Creech*, 408 F.3d 264, 270 n.2 (5th Cir. 2005). The ultimate sentence is reviewed for "unreasonableness" with regard to the statutory sentencing factors enumerated in section 3553(a). *Booker,* 125 S. Ct. at 765.[3]

---

[2] The district court used the term "deviation" to distinguish its sentence from sentences supported by "departures" made under authority of the Guidelines. In *United States v. Mares*, we adopted the phrase "non-Guideline sentence" to express this distinction. 402 F.3d 519 n.7 (5th Cir. 2005).

[3] The relevant factors include:
(1) the nature and circumstances of the offense and the

4

In an opinion filed concurrently with this one, we address non-Guideline sentences like that at issue here. *See Smith*, __ F.3d __. Before imposing a non-Guideline sentence, a district court must consider the Sentencing Guidelines. *Id.* at 5; *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). This consideration requires that the court calculate the appropriate Guideline range. *E.g.*, *Smith*, __ F.3d at __, at 5. Additionally, the court should articulate fact-specific reasons for its sentence. *Mares*, 402 F.3d at 519. Those reasons should be "consistent with the sentencing factors enumerated in section 3553(a)." *Smith*, __ F.3d at __, at 5-6. The court need not make "a checklist recitation of the section 3553(a) factors." *Id.* at 6. However, "the farther a sentence varies from the applicable Guideline

history and characteristics of the defendant;
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed . . . medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
(5) any pertinent policy statement . . . ;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .
18 U.S.C. § 3553(a).

sentence, the more compelling the justification based on factors in section 3553(a) must be." *Id.* (internal quotation marks omitted).

In reviewing for reasonableness, we assess whether the statutory sentencing factors support the sentence. *Id.* at 6; *see United States v. Long Soldier*, 431 F.3d 1120, 1123 (8th Cir. 2005). A non-Guideline sentence is unreasonable where it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Smith*, __ F.3d at __, at 6–7; *see Long Soldier*, 431 F.3d at 1123; *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005).

## III. DISCUSSION

The sentence at issue does properly take into account two section 3553(a) factors. First, under subsection (1), the sentence reflects the history and characteristics of the defendant. In imposing its sentence, the court emphasized Duhon's lack of criminal record and letters on his behalf from family and friends. It explained its belief that Duhon was unlikely to reoffend. Second, the court reasoned that Duhon's psychiatric rehabilitation would be best served with a probationary sentence that would allow him to continue treatment with his current psychologist. This was consistent with subsection (2)(D)'s mandate to consider the need to

6

provide the defendant with medical care in the most effective manner.

Under section 3553(a), however, a sentence must be supported by the *totality* of the relevant statutory factors. *United States v. McBride*, __ F.3d __, No. 04-4347, slip op. at 5 (6th Cir. Jan. 17, 2006). The sentence at issue fails to account for factors that should have received significant weight and accords significant weight to an improper or irrelevant factor. Specifically, the sentence (1) does not adequately take into account the Sentencing Guidelines, (2) fails to sufficiently reflect the seriousness of Duhon's offense, and (3) improperly gives weight to the Guideline sentence of a differently-situated codefendant. As a result, the sentence is unreasonable.

A.  FAILURE TO ADEQUATELY ACCOUNT FOR FACTORS

   *1. The Sentencing Guidelines*

      a. The Guideline Range

It is undisputed that the district court failed to determine the correct Guideline range. We have held that the applicable range "should be determined in the same manner as before *Booker/Fanfan*" and that a judge may still find all the facts supporting a sentence. *Mares*, 402 F.3d at 519. Thus, the court's conclusion that it could not adjust Duhon's Guideline range upwardly based on facts neither admitted by Duhon nor proven beyond

7

a reasonable doubt was incorrect.  The correct sentencing range was twenty-seven to thirty-three months imprisonment, not the fifteen to twenty-one months considered by the court.

Duhon argues that this error was harmless because the court stated that it would have imposed the same non-Guideline sentence regardless of the Guideline range.  Duhon is correct that the sentence was imposed in spite of rather than "as a result of an incorrect application of the sentencing guidelines."  18 U.S.C. § 3742(f).  In *Villegas*, we recognized that section 3742(f) survives *Booker*.  Under that statute, we review *de novo* and vacate a sentence imposed "as a result" of a Guidelines error without reaching the sentence's ultimate reasonableness.  *Villegas*, 404 F.3d at 362.  Because Duhon's non-Guideline sentence did not directly "result" from the Guidelines error, it need not be vacated under *Villegas* based solely on the miscalculation.

But it does not follow from this that the error in calculating the Guideline range is irrelevant to our second-step review for reasonableness.  *Mares* recognized that if the district court commits a "legal error" in required sentencing procedures, the sentence may not merit the "great deference" ordinarily accorded on reasonableness review.  402 F.3d at 520.  Among those sentencing procedures required by *Mares* is that the district court calculate the Guideline range before imposing a non-Guideline sentence.  *Id.* at 519;  *United States v. Angeles-Mendoza*, 407 F.3d 742, 746 (5th

8

Cir. 2005).

This requirement reflects *Booker*'s mandate that sentencing courts "take account" of the Guidelines along with other sentencing goals. *Booker*, 125 S. Ct. at 764-65 (emphasis added). In light of its duty to "account" for the Guidelines, the court's statement that it would impose the same sentence regardless of which range applied, makes the sentence more, rather than less, problematic. The court cannot reasonably impose the same sentence regardless of the correct advisory range anymore than it could reasonably impose the same sentence regardless of the seriousness of the offense. Both are sentencing factors that must be taken into account under section 3553(a). *See Smith*, __ F.3d at __, at 5-6 (holding that the Guideline range must be a "frame of reference" for a non-Guideline sentence). A sentencing court cannot evade its duty under *Booker* and *Mares* to correctly calculate the Guideline range with the expedient of saying the Guidelines would not affect the result. Accordingly, the miscalculation deprives the sentence of "great deference" and is a factor to be considered in assessing the reasonableness of the sentence.

b. Other Guidelines Provisions

Under *Booker*, a sentence must account for more than just the applicable Guideline range. Section 3553(a) requires the court to consider the "kinds of sentence" available under the Guidelines as well as "any pertinent policy statement." In the case at bar, the

9

district court ignored Guidelines provisions relating to probation and physical injury.

First, the sentence deviates from a relevant advisory Guideline disallowing probation in Duhon's case. The Guidelines do not authorize a sentence of probation where the applicable Guideline range is in Zone C or D of the Sentencing Table. *See* U.S.S.G. §§ 5B1.1 cmt. n.2, 5C1.1(f). Both Duhon's correct Guideline range and the range incorrectly used by the district court fell within Zone D. *See* U.S.S.G. § 5A. Thus, the probationary sentence varies, not only from the applicable Guideline range, but also from the "kinds of sentence" available under the Guidelines. *See* 18 U.S.C. 3553(a)(4). In such a situation, the court, at a minimum, should acknowledge that it is aware that probation would not ordinarily be available under the advisory Guidelines.

Second, the sentence diverges from a policy statement prohibiting the consideration of physical condition. The district court considered Duhon's back injury in imposing its sentence. Section 5H1.4 of the Sentencing Guidelines states that "[p]hysical condition . . . is not ordinarily relevant in determining whether a departure may be warranted." At the pre-*Booker* sentencing hearing, the court acknowledged that the Guidelines would not permit a downward departure for Duhon's physical condition. At the post-*Booker* hearing, however, the district court relied on Duhon's

back injury without explaining its deviation from the advisory policy statement. We agree with the Sixth Circuit that a district court that "relies on any factors which are deemed by the Guidelines to be prohibited or discouraged . . . [should] address these provisions and decide what weight, if any, to afford them in light of *Booker*." *Jackson*, 408 F.3d at 305 n.3 (6th Cir. 2005); *see also United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir. 2005) (stating that the district court must consider the availability of departure authority before imposing a non-Guideline sentence). The court's reliance on Duhon's physical condition without addressing the relevant policy statement is especially troubling here since the court found that Duhon no longer sees a physician and does not take any prescription medications for his back injury.[4]

The court's failure to appropriately take into account the Sentencing Guidelines is significant. It is not necessary for us to decide, however, whether this alone is sufficient to render Duhon's sentence unreasonable. The sentence also fails to adequately reflect the seriousness of Duhon's offense and inappropriately gives weight to the Guideline sentence of Duhon's

---

[4] The court also noted that Duhon's disability payments would be suspended during his incarceration. It acknowledged that Duhon was married and had a nineteen-year-old son. To the extent that the court took into account that Duhon's family might suffer some financial hardship, it should have similarly addressed the policy statement discouraging this as a ground for departure. *See* U.S.S.G. § 5H1.6.

codefendant.

*2. Seriousness of the Offense*

Under section 3553(a)(2)(A)—(B), the sentence imposed must reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence. Our review of the sentencing transcript convinces us that the district court severely misjudged the seriousness of Duhon's possession of child pornography. As a result, the sentence fails to advance adequately the objectives of subsections (a)(2)(A)—(B).

The court's comments at Duhon's hearings are replete with criticism of child pornography laws and suggest that the court believed Duhon's offense was not harmful to children because Duhon himself did not physically molest anyone. At Duhon's plea hearing, the district court stated:

> There are those who think that the way Congress has reacted to child pornography is pretty much one size fits all. . . . [T]hey've got a lot of folks out there that . . . will take advantage of young people in their day life [sic] or try to make contact with them. That's on the one hand. On the other hand, its my belief . . . that everybody that does what you have admitted to doing here today doesn't fall in that category, but the law doesn't make much of a distinction, frankly, and that's unfortunate.

Similarly, at the first sentencing hearing, the court minimized the offense and suggested that prosecuting child pornography cases was a waste of time and resources:

> [The Assistant United States Attorneys] work very hard for all of us. They do stuff like get really bad guys

12

> that are killing our society with drugs.  They protect us
> against terrorists.  And sometimes, because the Congress
> dictated to them, they go out and get people who get on
> the Internet and just screw up like what happened in this
> case in my view.
>
>       . . . .
>
> It would amaze you-all as taxpayers if you really
> understood what's going on inside the judiciary, inside
> all the government agencies right now. . . .
>
> Mr. Duhon knows what I am going to do . . . .  I am going
> to give him as little as I can because I think that's
> what it merits.

The Assistant United States Attorney objected, stating that he did not want to give the impression that he believed these cases should not be prosecuted.  The court responded that they had "philosophical differences" on the issue:

> They've got people that ought to go to jail because they
> might be dangerous and they've got people that do stupid
> things.  If we had a federal statute that says you're
> guilty of being stupid, Mr. Duhon might be guilty of
> that, but that's not the point.

At the close of hearing, the court explained to those in attendance that the prosecutors were just doing "their duty under the oath. We're all in this together, and *usually* these are the good guys putting away the bad guys." (Emphasis added).

At the post-*Booker* sentencing hearing, the court similarly stated,

> If there was a federal statute that made it illegal to do
> dumb things, you would be guilty.  I can only imagine how
> embarrassing this is for you today . . . .  Nothing in
> this record indicates to me that you're one of those guys
> who are going out and trying to hurt young boys or girls,
> but we've got some sickos out there that are.

13

The district court's view of Duhon's child pornography offense was misguided for several reasons.  The court stated that the law fails to distinguish between simple possession of child pornography and "try[ing] to make contact" with children to "take advantage" of and "hurt" them.  The law, in fact, makes a drastic distinction.

> Congress established a series of distinctly separate offenses respecting child pornography, with higher sentences for offenses involving conduct more likely to be, or more directly, harmful to minors than the mere possession offense.  Similarly, the guidelines clearly reflect consideration of whether and the degree to which harm to minors is or has been involved.

*United States v. Grosenheider*, 200 F.3d 321, 332–334 (5th Cir. 2000) (collecting cases rejecting departures based on rationale that defendant had "not abused any child, and had no inclination, predisposition or tendency to do so").  Indeed, the applicable Sentencing Guidelines provide an offense level of thirty-three for soliciting minors under twelve for prohibited sexual conduct using a computer.  *See* U.S.S.G. § 2A3.1(a), (b)(2)(A), (b)(6).  Had Duhon solicited children for sex, rather than possessed child pornography, the sentencing range would have been 135–168 months, more than five times his actual Guideline sentence.  *See* U.S.S.G. § 5A.  Thus, the district court's view that a sentence *below* Duhon's Guideline range may have been warranted because the law "doesn't make much of a distinction" between possession of pornography and solicitation of children for sex was incorrect.[5]

---

[5] We disagree with the concurring opinion's analysis of this issue on several grounds.  First, it mischaracterizes the district court's comments.  The concurrence states "that the

More importantly, the court's judgment that Duhon's offense was just a "dumb thing," a "stupid thing," and merely a "screw up" understates the harm caused by possessing child pornography. In *United States v. Norris*, this Court held that children are victims in the possession of child pornography. 159 F.3d 926, 929 (5th Cir. 1998). *Norris* recognized that possessing the images is itself a form of abuse because it "inva[des] the privacy of the child depicted." *Id.* at 930. The possession perpetuates "a permanent record" of the original abuse that can "haunt[] those children in future years." *Id*. at 929–30. Additionally, "the consumer of child pornography instigates the original production of child pornography by providing an economic motive for creating [it]." *Id*. at 930. "[P]ossession of child pornography is not a victimless crime. A

district court . . . observ[ed] that the 2003 version of the Guidelines do not distinguish between possessors of child pornography who engage in a pattern of non-internet based, intrastate molestation of children and those who do not." The court below painted with a broad brush and did not entertain the fine distinctions attributed to it by the concurrence.
    Second, the concurrence fails to take into account that under the 2003 Guidelines a pornography defendant who has also molested children would either (a) be sentenced under the sexual abuse Guideline or (b) receive a higher sentence due to an increased criminal history score. *See, e.g.*, *United States v. Lebovitz*, 401 F.3d 1263 (11th Cir. 2005) (defendant was sentenced under 2003 child pornography and sexual abuse Guidelines and received 118 months imprisonment); *United States v. Sharpley*, 399 F.3d 123, 127 n.4 (2d Cir. 2005) (defendant's criminal history score was increased for prior state sexual abuse conviction). Third, the concurrence conflicts with our precedent. *See Grosenheider*, 200 F.3d at 333 (holding that the pre-2004 Guidelines "take into account the gravity of a possession offense as compared with more serious forms of exploitation").

15

child somewhere was used to produce the images downloaded . . . , in large part, because individuals like [the defendant] exist to download the images." *United States v. Yuknavich*, 419 F.3d 1302, 1310 (11th Cir. 2005).

The severe molestation and young children involved in the images suggest that Duhon's offense could instigate violent abuse. According to the PSR, the pictures which Duhon downloaded were of prepubescent girls aged eight to ten years. These pictures "included photographs of a girl being raped by an adult man, forced to perform oral sex and placing foreign objects into her vagina." The PSR also states that Duhon distributed child pornography to at least one other individual, his codefendant Berne Life.[6]

Under the circumstances, the district court misjudged the seriousness of Duhon's offense. As a result, the sentence imposed fails to advance sufficiently the sentencing objectives enumerated in section 3553(a)(2)(A)—(B).

---

[6] The district court apparently adopted all the factual statements contained in the PSR with the exception of paragraph twenty-four. The adopted facts include paragraph five, to which Duhon concedes that he made no objection. That paragraph describes the graphic pictures found on a disc labeled "pics from Dave." Life stated that the disc was given to him by Duhon.

The court did not resolve a factual dispute regarding paragraph twenty-four because it concluded Duhon's Guideline range would not be affected. Paragraph twenty-four states that Duhon "admitted to investigators that he distributed child pornography to two or three friends." On remand, the district court should resolve all factual issues material to the sentence, whether or not they would affect the advisory range. *See Mares*, 402 F.3d at 519.

16

B.  CONSIDERATION OF SENTENCING DISPARITY WITH CODEFENDANT

In imposing its non-Guideline sentence of sixty months probation, the district court took into account that Duhon's codefendant Berne Life had received a Guideline sentence of sixty months probation.  The court acknowledged that Life had obtained the benefit of a downward departure for "substantial assistance" to the Government under U.S.S.G. § 5K1.1.  Because disparity between Duhon's and Life's sentences was not "unwarranted" within the meaning of section 3553(a)(6), the court erred in considering it. *See Long Soldier*,431 F.3d at 1123 (stating that "a proper or relevant factor is one listed under § 3553(a)").

We agree with the First and Eighth Circuits that a sentencing disparity intended by Congress is not unwarranted.  *See United States v. Pho*, __ F.3d __, 2006 WL 20574, *11 (1st Cir. Jan. 5, 2006); *United States v. Sebastian*, __ F.3d __, 2006 WL 265507, *2–3 (8th Cir. Feb. 6, 2006) (holding that it is "the province of the policymaking branches of government to determine that certain disparities are warranted, and thus need not be avoided").  In other words, "what counts is the uniformity in sentencing *sought by Congress*." *Pho*, __ F.3d at __, 2006 WL, 20574, at *11 (emphasis in original).

Several statutory provisions convince us that Congress believes that defendants who provide substantial assistance should generally receive lower sentences than otherwise similarly-situated

defendants. Congress has required that the Sentencing Commission "assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed . . . to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 28 U.S.C. § 994(n). Additionally, Congress provides judges the authority to sentence below the statutory minimum where the Government moves for a substantial assistance departure. *See* 18 U.S.C. § 3553(e). Similarly, under 18 U.S.C. § 3559(d)(2), if a defendant renders substantial assistance, a judge may give a sentence less than the otherwise mandatory sentence of life imprisonment or death. Lastly, substantial assistance departures are provided for by the Sentencing Guidelines, and Congress has specified those Guidelines as a factor that must be taken into account in imposing a sentence. *See* 18 U.S.C. § 3553(a)(4)–(5).

Accordingly, we hold that sentencing disparity produced by substantial assistance departures was intended by Congress and is thus not a proper sentencing consideration under section 3553(a)(6). We note that this conclusion is consistent both with our pre-*Booker* jurisprudence and with the Seventh and Second Circuits' interpretation of section 3553(a)(6). *See United States v. Nichols*, 376 F.3d 440, 443 (5th Cir. 2004) (holding that disparities resulting from departures for substantial assistance are "justified"); *United States v. Boscarino*, __ F.3d __, No. 05-

18

2657, slip op. at 7 (7th Cir. Feb. 8, 2006) (holding that "a sentencing difference based on one culprit's assistance to the prosecution is legally appropriate"); *United States v. Joyner*, 924 F.3d 454, 460–61 (2d Cir. 1991) (explaining that Congress intended disparities caused by application of the Sentencing Guidelines); *United States v. Toohey*, 132 Fed. Appx. 883 (2d Cir. May 23, 2005) (unpublished) (holding that "*Joyner*'s construction of the role the Guidelines play in § 3553(a)(6) consideration" remains essentially unchanged in the wake of *Booker*). Because Life rendered substantial assistance, he was differently situated from Duhon in a way that Congress has deemed material. The district court should have considered the need to avoid disparity among similarly-situated defendants nationwide rather than disparity with Duhon's differently-situated codefendant.

We emphasize the limits of this holding. We hold only that the disparity at issue here-that between a codefendant who rendered substantial assistance and a defendant who did not-is warranted. A judge may still properly reduce a defendant's sentence for appropriate mitigating circumstances particular to that defendant.

## IV. CONCLUSION

The district court miscalculated the Guideline range. The

sentence diverges from advisory Guidelines provisions relating to the kinds of sentence available and Duhon's physical condition. Furthermore, the sentence does not reflect sufficiently the seriousness of Duhon's offense.  Lastly, the sentence improperly gives weight to the Guideline sentence of a differently-situated codefendant.  On the particular circumstances of this case, the totality of the statutory sentencing factors fails to reasonably support the court's sentence.  We therefore VACATE Duhon's sentence and REMAND for resentencing consistent with *Booker* and its progeny.

EMILIO M. GARZA, Circuit Judge, concurring in part and in the judgment:

I agree with the majority opinion except with respect to subsection III.A.2. I would avoid answering the difficult question of when a district court makes a "clear error of judgment" in assessing the seriousness of an offense. Nor do I agree that the district court erred in its observation that the 2003 version of the Guidelines do not distinguish between possessors of child pornography who engage in a pattern of non-internet based, intrastate molestation of children and those who do not. The Sentencing Commission subsequently remedied this oversight by providing for a five level enhancement where the possessor of child pornography "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." U.S.S.G. § 2G2.2(b)(5) (2004). Because the current version of the Guidelines draw this distinction, it was not unreasonable for the district court consider the prior version's deficiency.

I concur in the judgment, however, because the district court unreasonably failed to consider "the need for the sentence imposed to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). The district court discussed the need to protect the public from future crimes by Duhon, but it failed to explain how a sentence of probation would discourage others inclined to obtain child pornography. When the sentence imposed is

21

so far below the Guidelines range, general deterrence becomes a relevant factor that must be given significant weight. *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005) (a sentence is unreasonable where the "court fails to consider a relevant factor that should have received substantial weight"). The district court's failure to account for that important objective deprives this extraordinarily lenient sentence of the "compelling justification" required to render it reasonable. *See United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005) ("the farther the judge's sentence departs from the guidelines sentence . . . the more compelling the justification based on factors in section 3553(a) that the judge must offer").