United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20084
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW DANIEL MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(4:04-CR-380-1)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Andrew Daniel Martinez appeals the concurrent 68-month sentences imposed following his guilty-plea conviction for conspiracy and aiding and abetting the possession with the intent to distribute between 1400 and 2000 grams of methylenedioxymethampehetamine. He argues that the sentences imposed, each of which constituted a downward deviation from the advisory guideline range of 78-98 months of imprisonment, are unreasonable. Martinez contends that the district court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erroneously refused to consider all the factors mandated by 18 U.S.C. § 3553(a) when declining to depart further downward based on Martinez's adverse childhood circumstances.

The district court thoroughly articulated its reasons for imposing non-Guideline sentences in this case. See United States v. Duhon, 440 F.3d 711, 715 (5th Cir. 2006). In fashioning the sentences, the district court properly considered the advisory guideline range and the sentencing factors set forth in § 3553(a). Id. The sentences imposed do not fail to account for any sentencing factor that should have received significant weight. Id. The district court did not rely on any irrelevant or improper factors in determining the appropriate sentences. Id. Furthermore, the district court's balancing of the sentencing factors set forth in § 3553(a) does not represent a clear error of judgment. Id. Accordingly, the non-Guideline sentences imposed in this case are reasonable.

Martinez also argues, for the first time on appeal, that the district court lacked jurisdiction to convict and sentence him because 21 U.S.C. § 841 is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000). Martinez acknowledges that he is raising this issue to preserve it for Supreme Court review. This issue is foreclosed by our opinion in United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

AFFIRMED.