United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51179
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RAY GENE BRASHER,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-137-1
---------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Ray Gene Brasher appeals the district court's imposition,
upon resentencing pursuant to <u>United States v. Booker</u>, 543 U.S.
220 (2005), of his nonguideline sentence of 48 months of
imprisonment on his guilty-plea conviction for possession of a
chemical, product, or material which may be used to manufacture
methamphetamine. <u>See</u> 21 U.S.C. § 843(a)(6). Neither party
challenges the district court's calculation of the applicable
guideline range of 57 to 71 months. Brasher argues that he
should have been sentenced to home confinement in lieu of any

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

term of imprisonment because he is confined to a wheelchair and needs medical attention.  He, therefore, contends that his sentence of imprisonment is unreasonable.

The testimony at the resentencing hearing reveals that the district court took into consideration the factors set forth in 18 U.S.C. § 3553(a) in imposing a 48-month sentence.  See United States v. Smith, 440 F.3d 704, 706-08 (5th Cir. 2006).  Brasher's history as an experienced methamphetamine cook combined with his wife's use of methamphetamine were strong indicators that home confinement would not afford adequate deterrence of further methamphetamine cooking.  Nor would it reflect the seriousness of the offense, promote respect for the law, protect the public from further methamphetamine trafficking, or avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.  See § 3553(a)(1), (a)(2)(A)-(C) & (a)(6).  The district court's failure to impose a sentence of home confinement was not unreasonable in that it was based on Brasher's medical condition.  See § 3553(a)(2)(D).

Brasher's sentence was supported by the totality of the relevant statutory factors.  See United States v. Duhon, 440 F.3d 711, 715 (5th Cir. 2006).  Accordingly, Brasher's 48-month sentence is AFFIRMED.