United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51428
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

PEDRO RIVAS-GONZALEZ

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-724-ALL
--------------------

Before KING, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:[*]

Pedro Rivas-Gonzalez appeals the sentence imposed following
his guilty-plea conviction for illegal reentry into the United
States after deportation in violation of 8 U.S.C. § 1326.
He argues that the district court erred in enhancing his offense
level by 16 levels pursuant to U.S.S.G. § 2L1.2 based on his
prior Oklahoma conviction for indecent, lewd acts with a minor.
Rivas-Gonzalez also argues that the sentence may not be upheld as
a reasonable sentence under 18 U.S.C. § 3553(a).  Because we
conclude that the alternative 41-month sentence imposed by the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court was reasonable under 18 U.S.C. § 3553(a), we need not determine whether Rivas-Gonzalez's prior Oklahoma conviction for indecent, lewd acts with a minor meets the common-sense definition of sexual abuse of a minor within the meaning of the comments to § 2L1.2. See § 2L1.2, comment. (n.1(B)(iii)).

The district court, in the alternative, determined that even without the 16-level enhancement, it would have imposed the same sentence based on the factors set forth in § 3553(a), including Rivas-Gonzalez's history and characteristics; Rivas-Gonzalez's conduct underlying his prior Oklahoma conviction; the fact that Rivas-Gonzalez's criminal history was underrepresented; Rivas-Gonzalez's seven prior unscored illegal reentries into the United States; and Rivas-Gonzalez's violations of the terms of his prior Oklahoma sentence of probation. The district court considered the factors in § 3553(a), as well as Rivas-Gonzalez's personal history as a victim of physical abuse. Because the district court provided detailed, fact-specific reasons for its decision to impose the 41-month sentence based on the factors set forth in § 3553(a) and because the district court did not consider any improper factors, Rivas-Gonzalez has not shown that the alternative sentence imposed by the district court was unreasonable. See United States v. Smith, 440 F.3d 704, 709-10 (5th Cir. 2006); see also United States v. Duhon, 440 F.3d 711, 715-21 (5th Cir. 2006), petition for cert. filed, ___ U.S.L.W. ___ (U.S. May 18, 2006)(No. 05-11144).

Rivas-Gonzalez also argues that his sentence exceeds the statutory maximum sentence for the charged 8 U.S.C. § 1326(a) offense in view of Apprendi v. New Jersey, 530 U.S. 466 (2000). Rivas-Gonzalez's argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Rivas-Gonzalez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Rivas-Gonzalez concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.