United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10006
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELEAZAR ESPINOZA-CAPUCHINA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-152-ALL
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Eleazar Espinoza-Capuchina (Espinoza) appeals his guilty-plea conviction and sentence of 77 months for illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a), (b)(2) and 6 U.S.C. §§ 202, 557. Espinoza argues that his sentence is unreasonable and that § 1326(b) is unconstitutional.

This court reviews a sentence imposed by a district court for reasonableness. United States v. Duhon, 440 F.3d 711, 714 (5th Cir. 2006). Espinoza contends that the district court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed an unreasonable sentence in that it refused to consider the sentencing disparity between his case and those of defendants in districts which offer U.S.S.G. § 5K3.1 "early disposition" programs.  This court recently rejected a nearly identical argument, holding "[t]he refusal to factor in, when sentencing a defendant, the sentencing disparity caused by early disposition programs does not render a sentence unreasonable."  United States v. Aquirre-Villa, 460 F.3d 681, 683 (5th Cir. 2006).

Espinoza next argues that § 1326(b)'s treatment of prior aggravated felony convictions as sentencing factors is unconstitutional.  This constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Espinoza contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Espinoza properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.