United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50492
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO GUZMAN-GUZMAN, also known as Mauricio Garcia-Guzman,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CR-247-1
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Mauricio Guzman-Guzman (Guzman) pleaded guilty to count 1 of an indictment charging him with conspiracy to transport illegal aliens. The district court deviated from the guideline range by 12 months in sentencing Guzman to a 69-month term of imprisonment and to a three-year period of supervised release. Guzman gave timely notice of his appeal.

Guzman contends that the district court erred in deviating upward from the guideline imprisonment range. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). "A non-Guideline

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." Id. at 708.

Guzman complains that the district court failed to express the reasons for its sentence in writing, contrary to 18 U.S.C. § 3553(c)(2). This contention is not supported by the record. Written reasons were provided and put under seal.

Guzman contends that the 12-month deviation created an unwarranted sentencing disparity between Guzman and defendants with similar records who were found guilty of similar conduct. Guzman complains that one of his codefendants, Leonel Guzman-Guzman (Leonel Guzman), was sentenced within the guidelines range. Because Leonel Guzman was not similarly situated, it was reasonable for the district court to sentence Leonel Guzman within the guideline range but to deviate from the Guidelines in sentencing Guzman. See United States v. Duhon, 440 F.3d 711, 720-21 (5th Cir. 2006), petition for cert. filed (May 18, 2006).

Guzman also complains that his codefendant, Pascual Zapata-Torres (Zapata), had a significantly more serious criminal history category of VI and that Zapata's behavior was particularly cruel and abusive, but that the district court departed downward in sentencing Zapata because Zapata rendered substantial assistance to the Government. As Guzman concedes,

this court has recognized the provision of substantial assistance to the Government as a legitimate reason for distinguishing between defendants.  See Duhon, 440 F.3d at 720-21.

AFFIRMED.