**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40260
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ERIK SAUCEDA-MENDOZA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1056-1
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Erik Sauceda-Mendoza appeals the sentence he received

following his plea of guilty to one count of transporting

undocumented aliens, a violation of 8 U.S.C. § 1324.  The

district court imposed a sentence of 40 months, above the

advisory guidelines sentencing range of 18 to 24 months, on the

basis that Sauceda-Mendoza transported two aliens in a luggage

carrier strapped to the roof of the vehicle.

     As a threshold matter, the Government argues that Sauceda-

Mendoza failed to preserve error and, thus, review should be for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plain error only.  By making arguments to the district court in response to the court's statement that it was considering imposing a sentence above the guidelines range, Sauceda-Mendoza likely preserved any objection to the reasonableness of the sentence.  However, we need not reach that issue because, under any standard, the sentence passes muster.

Although both parties repeatedly refer to the sentence as involving an upward departure, it is apparent from the Statement of Reasons that the court imposed a non-guidelines sentence, i.e., one outside the advisory guidelines system.  Such a sentence does not involve a departure, which derives from the Guidelines and is, therefore, not considered a guidelines sentence, but a variance or deviation from the Guidelines based on the 18 U.S.C. § 3553(a) factors.  See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006).  Accordingly, we review for reasonableness and, because the sentence involved an upward deviation, we apply the three-pronged test set out in Smith and United States v. Duhon, 440 F.3d 711, 715 (5th Cir. 2006).

The court adequately explained at the sentencing hearing and in its Statement of Reasons that a sentence above the advisory range was necessary to reflect the seriousness of the offense and the danger to the two women of being placed in a luggage carrier. Although, as Sauceda-Mendoza points out, the danger to the aliens was addressed by a sentencing enhancement for reckless endangerment under U.S.S.G. § 2L1.1(b)(5), the court plainly

found that the specific danger involved in this case was particularly egregious.  Accordingly, the sentence imposed did not (1) fail to account for a factor that should have received significant weight, (2) give significant weight to an irrelevant or improper factor, or (3) represent a clear error of judgment in balancing the sentencing factors.  See Duhon, 440 F.3d at 715.  As the court properly calculated the applicable guidelines range and articulated reasons for its variance, the court committed no legal error; therefore, the sentence must be given deference.  See Smith, 440 F.3d at 710.  The degree of the upward variance, from 24 to 40 months, was not unreasonable.  See id. (affirming upward deviation from 27 to 60 months).

For the foregoing reasons, the judgment of the district court is AFFIRMED.