United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40732
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

LARRY ANDERSON, JR.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 7:05-CR-509
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Larry Anderson pled guilty to a single charge of felon in possession of ammunition. 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Anderson to time served and imposed a three-year term of supervised release. As part of his supervised release, Anderson was sentenced to thirty months of in-home confinement, the first twelve months being electronically monitored.

The government now appeals, claiming that Anderson's sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

was unreasonable in light of the Sentencing Guidelines.  We AFFIRM Anderson's sentence.

## I.  BACKGROUND

Larry Anderson is a convicted felon.  In 2005, a gun-store employee informed Special Agent Daniel Casey that Anderson, who the employee knew was a convicted felon, was purchasing ammunition. After he left the store, Agent Casey found Anderson in his truck with two boxes of .45 caliber ammunition.  Anderson claimed he purchased it for his father as a Father's Day gift, but knew he was not supposed to.

Agents then searched Anderson's house, which he shared with his wife, a department of safety employee.  The agents found two .357 revolvers and approximately 300 rounds of .357 ammunition. Anderson's wife admitted that these weapons belonged to her before she met him.  The agents did not find any weapons compatible with the .45 ammunition found in  Anderson's truck.

Anderson pled guilty to the offense of felon in possession of ammunition.  At sentencing, the court assessed Anderson three criminal history points for an aggravated assault with a deadly weapon conviction and three points for a credit-card abuse conviction.  After a reduction for acceptance of responsibility, the calculated Sentencing Guidelines range was 30–37 months.[1]

_____

[1] After the court noted it was sentencing Anderson below the Guidelines range, it suggested that the Guidelines range should have been 24–30 months—to correct for a form of double counting between his offense level and his history points—but did so only

2

The court then announced it was sentencing Anderson below the Guidelines range. It sentenced him to eight days of time served and a three-year term of supervised release, thirty months of which would be in-home confinement.

In passing its sentence, the court noted that Anderson's aggravated assault conviction stemmed from activity fifteen years earlier, in 1991, when he was only seventeen years old. He and another individual shot a pistol from a riverbank as a number of boats passed and one bullet struck a passenger. Anderson has since had no parole violations and generally reformed his life. He has kept steady employment as an area manager for an industrial equipment distributor and received strong letters of support from "prominent members of [the] community who all spoke very highly of [him]." The court told Anderson that "you're a different person than what you were when you were 17 years old and had your prior involvement with the law," and expressed "no doubt" that his criminal activity would not be repeated.

The government now appeals his sentence.

## II. DISCUSSION

We review this sentence for unreasonableness. *United States v. Booker*, 543 U.S. 220 (2005). The reasonableness standard derived from *Booker* is not unbounded; it must be guided by

---

passingly because its sentence was well below that range as well.

3

sentencing considerations set forth in 18 U.S.C. § 3553(a). *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). The sentencing court need not methodically address each factor specifically, but the "sentence must be supported by the *totality* of the relevant statutory factors." *United States v. Duhon*, 440 F.3d 711, 715 (5th Cir. 2006).

With due regard to the Sentencing Guidelines, we find that Anderson's sentence was reasonable. The "nature and circumstances of the offense" reveal that Anderson was buying ammunition for his father and had no firearm compatible with the ammunition. *See* 18 U.S.C. § 3553(a)(1). The history and characteristics of the defendant, who had reintegrated into his community and showed no signs of repeating his long since past criminal behavior, also support leniency. *Id.* The district court carefully articulated its reasons for this non-Guidelines sentence and had good reason to believe that Anderson was reformed and posed little risk to repeat his offense. *See United States v. Mares*, 402 F.3d 511, 519 (2005).

The government contends that this non-Guideline sentence "unreasonably fails to reflect the statutory sentencing factors [because] it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Smith*, 440 F.3d at 707–08.

4

It argues that the court did not consider important factors such as (1) the need to consider the seriousness of the offense, (2) the need to afford adequate deterrence, and (3) the need to prevent unwarranted sentencing disparities. As we have already discussed, the district court explicitly addressed the first two factors, and we agree that they favor leniency. It also implicitly considered the third as it gave clear reasons for the non-Guideline sentence in this peculiar case, which effectively warrants the resulting sentencing disparities.

Furthermore, the district court did not give substantial weight to any improper factors. The government complains that too much emphasis was given to Anderson's work and family ties, but the sentencing transcript lends no credence to that argument. The district court was concerned with Anderson's personal growth, the nature of his offense, and the importance of Anderson's job to his rehabilitation. *See* 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(D). While the court did note that it received many letters from prominent members of the community, the content of those letters largely spoke to the § 3553 factors discussed above, and the court did not substantially rely on the mere fact that Anderson had strong community ties.

While Anderson certainly violated the letter of the law, the circumstances of his offense and of his criminal history provide rational and legitimate reasons to sentence him below the Guidelines range. Just as we have upheld sentences more than

5

thirty months above the applicable Guidelines range, *see Smith*, 440 F.3d at 705–06, we will not stop the pendulum from swinging the other way where the sentence is otherwise reasonable.

We find that Anderson's sentence was reasonable and AFFIRM.