IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 17, 2007**

Charles R. Fulbruge III
Clerk

No. 06-10799
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANIEL L MAJOR; SHANGO H ALVES

Defendants-Appellants

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-70-4

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Daniel L. Major and Shango H. Alves appeal the sentences imposed by the district court on remand. Major argues that the district court erred in increasing his offense level by six points under U.S.S.G. § 2K1.1(a)(5) because the theft offense involved a firearm described in 18 U.S.C. § 921(a)(30), which had been repealed at the time of his sentencing. Because Major could have raised this issue in his first appeal but he failed to do so, he has waived it. See United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Castillo, 179 F.3d 321, 326 (5th Cir. 1999), rev'd on other grounds, 530 U.S. 120 (2000).

Major and Alves argue that the district court erred in enhancing their sentences based on facts that were not alleged in the indictment or found by the jury. Major also argues that the district court erred in enhancing his sentence based on the district court's finding that the offense involved 20 stolen firearms, because he was acquitted of theft of firearms from a federally licensed firearms dealer. The district court did not err in finding all the facts relevant to its determination of the guidelines sentencing range for Major and Alves. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). The district court did not err in relying on conduct from the theft count upon which the jury acquitted Major at trial. See United States v. Valdez, 453 F.3d 252, 264 (5th Cir.), cert. denied, 127 S. Ct. 456 (2006).

Major argues that the district court's enhancement of his sentence because the offense involved stolen firearms constitutes double counting because stolen firearms were taken into account in the base offense level for theft of firearms from a federally licensed firearms dealer. Because Major was not convicted of an offense involving a stolen firearm listed in the application note to U.S.S.G. § 2K2.1 and his base offense level was determined under § 2K2.1(a)(5), the two-level increase does not constitute impermissible double counting. See United States v. Luna, 165 F.3d 316, 323 (5th Cir. 1999).

Major argues that district court plainly erred in refusing to impose a sentence outside of the advisory guideline range without good reason. He also argues that United States v. Duhon, 440 F.3d 711, 715 (5th Cir. 2006), petition for cert. filed (May 18, 2006) (No. 05-11144), is contrary to Booker. Major has not shown that Duhon is contrary to Booker and has not shown that the district court plainly erred in refusing to impose a sentence outside of the guidelines range without good reason.

AFFIRMED.