IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 16, 2007

Charles R. Fulbruge III
Clerk

No. 06-10788

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRETT GARRETT,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-20-2

Before JONES, Chief Judge, and STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Brett Garrett appeals his sentence of twenty-seven months of imprisonment following his guilty-plea conviction for stealing explosive materials in interstate commerce and aiding and abetting the theft of explosive materials in interstate commerce, in violation of 18 U.S.C. §§ 844(k) & 2.

Garrett argues that his sentence is unreasonable because the district court failed to consider whether his sentence resulted in an unwarranted sentencing disparity between him and his co-defendant, Bryan Newsom, in violation of 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 3553(a)(6). We review sentences for "unreasonableness." United States v. Mares, 402 F.3d 511, 518 (5th Cir. 2005). A sentence imposed within the advisory guideline range is given great deference, and this Court will infer that the sentencing court considered all the factors under § 3553(a). Id. at 519-20.

Garrett does not challenge the calculation of the guidelines range; he argues that his sentence is not reasonable because the district court failed to properly consider all the necessary § 3553(a) factors. His contention is not supported by the record, as it is clear that the district court evaluated the requisite factors under § 3553(a).

Garrett also argues that the district court erred by imposing a sentence on him that was incommensurately harsh relative to the sentence received by Newsom. Garrett asserts that Newsom's sentence was substantially less severe, and therefore, the sentences were improperly disparate. Because Garrett and Newsom were not similarly situated, it was reasonable for the district court to impose different sentences. See United States v. Duhon, 440 F.3d 711, 720-21 (5th Cir. 2006), petition for cert. filed (May 18, 2006) (No. 05-11144). Moreover, Garrett has not demonstrated that the sentence he received was more severe than similarly-situated defendants nationwide. Id.; see also 18 U.S.C. § 3553(a)(6). Garrett's disparity argument furthermore is attenuated by the fact that Newsom actually received a harsher sentence than Garrett did.

Garrett may not join in the briefs and arguments of his co-appellants. FED. R. APP. P. 28(i); United States v. Harris, 932 F.3d 1529, 1533 (5th Cir. 1991).

It is ordered that this appeal be SEVERED from No. 06-10822.

AFFIRMED.