# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 21, 2010

Lyle W. Cayce
Clerk

No. 09-30583
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHANDOLYN D. THOMAS,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CR-94-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Shandolyn D. Thomas appeals the 33-month sentence imposed after her guilty plea conviction for one count of mail fraud in violation of 18 U.S.C. § 1341. The district court upwardly departed from criminal history category I to category IV, and Thomas's guideline range of imprisonment of 15 to 21 months increased with the upward departure to 27 to 33 months. Thomas argues that the district court improperly based its decision to depart on her arrest record and on her violations of the conditions of her pretrial release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court incorrectly applies the Guidelines by basing a departure upon a factor that the Sentencing Commission "has expressly rejected as an appropriate ground for departure." *Williams v. United States*, 503 U.S. 193, 200 (1992). Under U.S.S.G. § 4A1.3(a)(3), a "prior arrest record itself shall not be considered for purposes of an upward departure." Because the district court departed based, in part, on Thomas's prior arrests apart from reliable evidence that Thomas was guilty of the offenses for which she was arrested, the court erred. *See United States v. Jones*, 444 F.3d 430, 434-36 (5th Cir. 2006).

However, we have held, after *Gall v. United States*, 552 U.S. 38 (2007), that "[n]ot all errors in determining a defendant's guideline sentence require reversal." *United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 904 (2009). As in *Bonilla* and *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008), neither party has taken issue—in the district court or on appeal—with the guideline range of 15 to 21 months calculated by the district court prior to its upward departure. The district court explained that it would have imposed the same 33-month prison term as a "variant sentence" even if it "erred in using the guidelines to have an upward departure." In support of that ruling, the court recited in lengthy detail such Section 3553(a) factors as the nature and circumstances of Thomas's offense, her history and characteristics, her repeated violations of the terms of her supervised release, the need for deterrence, the need to promote respect for the rule of law, and the need to provide Thomas with training and treatment. Therefore, Thomas's sentence did not "result from" an incorrect application of the Guidelines, and reversal is not required. *See Bonilla*, 524 F.3d at 656-57.

AFFIRMED.