# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 12, 2011

Lyle W. Cayce
Clerk

No. 10-40270
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICENTE RODRIGUEZ-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-814-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Vicente Rodriguez-Rodriguez pleaded guilty to illegal reentry into the United States following deportation. *See* 8 U.S.C. § 1326(a). Rodriguez claims that his 63-month prison sentence, which was the bottom of the properly calculated guidelines range, is unreasonable and that he should have been sentenced below the guidelines range as he requested. Rodriguez asserts that the district court abused its discretion by considering factors that did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

comport with the sentencing goals of 18 U.S.C. § 3553(a) and by failing to consider factors that did.

Reasonableness review is bifurcated; if a review of the sentence for procedural error reveals none, the appellate court then determines whether the sentence is substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). If error has been preserved, an appellate court reviewing for reasonableness "merely asks whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007). A court commits procedural error if it "fail[s] to calculate (or improperly calculat[es]) the Guidelines range [or] fail[s] to consider the § 3553(a) factors." *Gall*, 552 U.S. at 51. Substantive reasonableness is determined in light of the § 3553(a) factors. *Id.* at 49-50.

Rodriguez contends that the district court improperly focused on two concerns that were "outside the § 3553(a) factors" in considering Rodriguez's request for a downward variance. First, Rodriguez contends that the court discounted his request for a variance because it found that the request was not "unusual" since Rodriguez's attorney had "argued for a variance in every case" that day, and that another assistant federal public defender "ha[d] done the same thing." Second, Rodriguez contends that the district court refused to consider a downward variance because the Government had declined to move for an additional downward departure for acceptance of responsibility and thus, "to vary [would] intrude in the Government's decision-making process."

Rodriguez's contentions raise concerns about whether the district court's sentence took into account improper factors. While "this court applies a rebuttable presumption of reasonableness to a properly calculated, within-guidelines sentence such as" Rodriguez's, *see United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), even where the sentence was based on U.S.S.G. § 2L1.2, *see United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), that presumption may be rebutted "upon a showing that the sentence does not account for a factor that should receive significant weight, it gives

significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Cooks*, 589 F.3d at 186. However, Rodriguez has not shown that the district court gave "significant weight" to improper factors. *See id.* Rather, the district court made clear that it rejected Rodriguez's request for a downward variance because of Rodriguez's personal characteristics and criminal history, and it was not improper for the district court to consider Rodriguez's prior felony drug conviction. *See* U.S.S.G. § 2L1.2; *United States v. Duhon*, 541 F.3d 391, 397 (5th Cir. 2008). Further, the court stated that it understood that it was "not bound by the guidelines" and could vary as it saw fit, regardless of the absence of a motion by the Government for a downward departure for acceptance of responsibility.

Rodriguez has not rebutted the presumption of reasonableness of his within-guidelines sentence. *See Cooks*, 589 F.3d at 186. Accordingly, Rodriguez has failed to offer sufficient reason for disturbing the district court's sentence selection. *See id*.

AFFIRMED.