**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 27, 2012

No. 12-40078
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

ENOC MARTINEZ-CALLES,

                                    Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:11-CR-897-1

Before SMITH, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Enoc Martinez-Calles appeals the twenty-one-month sentence imposed after he pleaded guilty of being unlawfully present in the United States after deportation. In calculating a sentencing-guideline range of 15-21 months, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court included an eight-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C). Martinez-Calles argues that the court erred in applying the enhancement, because his underlying North Carolina drug convictions do not qualify as aggravated felonies for purposes of the enhancement. He further claims that the sentence is substantively unreasonable, because the court relied too heavily on his criminal history.

The North Carolina offenses meet the definition of aggravated felony for purposes of § 2L1.2(b)(1)(C), because they would be punishable as felonies under the Controlled Substances Act. *See Lopez v. Gonzales*, 549 U.S. 47, 60 (2006). We need not reach Martinez-Calles's unsupported arguments that the definition of aggravated felony should exclude drug trafficking offenses and that to conclude otherwise would render the drug-trafficking provisions of § 2L1.2(b)(1)(C) surplusage. If the district court erred, which we do not conclude, any error was harmless and does not require that the sentence be vacated. *See United States v. Bonilla*, 524 F.3d 647, 656-57 (5th Cir. 2008); *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008).

Martinez-Calles did not challenge the substantive reasonableness of his sentence in district court, so we review for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). The district court was in the best position to evaluate Martinez-Calles's history and characteristics as well as the need for the sentence to further the objectives in § 3553(a)— such as deterring future criminal activity, promoting respect for the laws, and protecting the public from possible harm—and the district court's reasoned decision is entitled to deference. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007); *United States v. Gutierrez*, 635 F.3d 148, 155 (5th Cir. 2011). The court did not plainly err in concluding, after considering all the § 3553(a) factors, that the sentence was necessary to reflect the seriousness of Martinez-Calles's criminal history and to deter crime. *See Gutierrez*, 635 F.3d at 155. The judgment of sentence is AFFIRMED.