# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 19, 2010

No. 09-30498
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHAN TOMPKINS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CR-258-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jonathan Tompkins pleaded guilty to assaulting his cellmate and thereby causing him serious bodily injury. *See* 18 U.S.C. § 113(a)(6). Tompkins claims that his 96-month sentence, which was at the high end of the properly calculated guidelines range, is substantively unreasonable and that he should have been sentenced below or at the low end of the guidelines range. Tompkins asserts that the district court did not apply the 18 U.S.C. § 3553(a) factors properly in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that (1) it failed to consider what he deems to be his minimal role in the offense and (2) it created an unwarranted disparity between his sentence and that of his codefendant, who joined Tompkins in the assault.

A defendant whose motion for a downward departure has been overruled may argue on appeal that his sentence was unreasonable because the district court "failed adequately to consider factors counseling in favor of a downward departure." *United States v. Nikonova*, 480 F.3d 371, 375 (5th Cir.), *cert. denied*, 128 S. Ct. 163 (2007). Reasonableness review is bifurcated; if a review of the sentence for procedural error reveals none, the appellate court then determines whether the sentence is substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). If error has been preserved, an appellate court reviewing for reasonableness "merely asks whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007). Given that Tompkins disclaims procedural error, we need only consider "the substantive reasonableness of [his] sentence." *Gall*, 552 U.S. at 51. Substantive reasonableness is determined in light of the § 3553(a) sentencing factors. *Id.* at 49-50.

Although he argued in the district court that he played but a minimal role in the assault and therefore merited a sentence below or at the low end of the guidelines range, Tompkins did not, when given the chance, specifically object to the sentence actually imposed. Consequently, there may be some question whether he is entitled to review for abuse of discretion or merely for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). However, as Tompkins is unable to show either abuse of discretion or plain error, we need not decide which standard of review applies.

While Tompkins testified that he did not administer the permanent injuries that his cellmate suffered in the assault, it is clear that Tompkins failed to persuade the district court that this was so and that the PSR's statement to the contrary was incorrect. A sentencing court may rely on information in the

PSR in making factual determinations about a sentence unless the defendant shows, by credible rebuttal evidence, that the PSR is untrue or inaccurate. *United States v. Ford*, 558 F.3d 371, 376-77 (5th Cir. 2009). Although it made no explicit credibility determinations, when the district court adopted the PSR over Tompkins's objections it implicitly rejected Tompkins's testimony that he played only a small part in inflicting the permanent injuries suffered by his cellmate. The district court was not required to accept Tompkins's self-serving declarations, made with the purpose of reducing his sentence, about the circumstances of his crime. *See United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989).

Tompkins's parity argument is equally unavailing. In considering an appropriate sentence, the district court must account for "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6). But Tompkins and his codefendant were not similarly situated. Tompkins is a career offender; the codefendant is not. *Cf. United States v. Duhon*, 440 F.3d 711, 721 (5th Cir. 2006).

Being within the properly calculated guidelines range, Tompkins's sentence is entitled to a presumption of reasonableness. *See Rita*, 551 U.S. at 347; *see also United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The district court, moreover, gave extensive consideration to Tompkins's argument for a sentence at the low end of or below the guidelines range but determined that the § 3553(a) factors and the record before it counseled in favor of a sentence at the high end of that range. And even if we were to agree with Tompkins that the sentence that he proposed was a more reasonable one, that would be insufficient justification for not deferring to the district court's decision to impose the sentence that it selected. *See Gall*, 552 U.S. at 51.

AFFIRMED.