# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2010

No. 09-20461
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ELEAZAR VARGAS-GUTIERREZ, also known as Jose Vargas Vargas, also known as Jose Vargas,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-52-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

Jose Eleazar Vargas-Gutierrez (Vargas) pleaded guilty to illegal reentry into the United States following deportation. *See* 8 U.S.C. § 1326(a). Vargas claims that his 70-month sentence, which was near the high end of the properly calculated guidelines range, is substantively unreasonable and that he should have been granted a downward departure and sentenced below the guidelines range. Vargas asserts that the district court did not apply the 18 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3553(a) factors properly, did not take into account his cultural assimilation into the United States, created an unwarranted disparity between his sentence and the sentences of others convicted of illegal reentry, and imposed a sentence that violated the Eighth Amendment's bar against cruel and unusual punishment.

A defendant whose motion for a downward departure has been overruled may argue on appeal that his sentence was unreasonable because the district court "failed adequately to consider factors counseling in favor of a downward departure." *United States v. Nikonova*, 480 F.3d 371, 375 (5th Cir.), *cert. denied*, 128 S. Ct. 163 (2007). Reasonableness review is bifurcated; if a review of the sentence for procedural error reveals none, the appellate court then determines whether the sentence is substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). If error has been preserved, an appellate court reviewing for reasonableness "merely asks whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007). Substantive reasonableness is determined in light of the § 3553(a) sentencing factors. *Gall*, 552 U.S. at 49-50.

Although he asked for a sentence below or the guidelines range, Vargas did not specifically object to the sentence that was imposed. Consequently, it is questionable whether he is entitled to review for abuse of discretion or merely for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Because Vargas is unable to show either abuse of discretion or plain error, however, we need not decide which standard of review applies.

While Vargas declared to the district court that the PSR incorrectly recounted his prior conviction for aggravated robbery, it is clear that Vargas failed to persuade the district court that this was so and that a downward departure was in order. A sentencing court may rely on information in the PSR in making factual determinations about a sentence unless the defendant shows, by credible rebuttal evidence, that the PSR is untrue or inaccurate. *United States v. Ford*, 558 F.3d 371, 376-77 (5th Cir. 2009). Although it made no

2

explicit credibility determinations, when the district court adopted the PSR in the face of Vargas's objections it implicitly rejected Vargas's account of the prior crime. The district court was not required to accept Vargas's self-serving declarations, made with the purpose of reducing his sentence, about the circumstances of leading to his prior conviction. *See United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989).

Vargas's parity argument is equally unavailing. In considering an appropriate sentence, the district court must account for "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6). But because Vargas identified no defendant whose situation was similar to his own, he was unable to establish any sentencing disparity. *See United States v. Duhon*, 440 F.3d 711, 721 (5th Cir. 2006).

Vargas's assertion of an Eighth Amendment claim is conclusory and unsupported by legal analysis. An appellate court is not required to search the record to find the legal basis for an issue. *United States. v. Brace*, 145 F.3d 247, 255 (5th Cir. 1998) (en banc). Because Vargas is represented by counsel on appeal, his brief is not entitled to liberal construction. *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Issues must be briefed to be preserved. FED. R. APP. P. 28(a)(9). Accordingly, this issue is not preserved and will not be considered.

Because it was within the properly calculated guidelines range, Vargas's sentence is entitled to a presumption of reasonableness. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The district court, moreover, considered Vargas's argument for a sentence below the guidelines range but determined that the record and the factors set forth in § 3553(a) called for sentence at the high end of that range. Vargas has not favored us with any good reason for disturbing that decision. *See Gall*, 552 U.S. at 51.

AFFIRMED.