# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 24, 2011

No. 09-50747

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

KARL MICHAEL MELENDEZ-MARCIA,

Defendant–Appellant.

Appeal from the United States District Court for the
Western District of Texas
USDC No. 2:08-CR-1072-1

Before KING, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Karl Michael Melendez-Marcia appeals the thirty-three month sentence that was imposed after he pleaded guilty to illegally reentering the United States after removal, in violation of 8 U.S.C. § 1326. Specifically, Melendez-Marcia claims that the district court improperly applied an eight-level increase in his guidelines base offense level after the court determined that his 2007 state

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50747

conviction for simple marijuana possession, his second such conviction, constituted an "aggravated felony."[1]  We vacate and remand.

## I

At the time of Melendez-Marcia's sentencing, this circuit adhered to the rule that the eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) was applicable when a defendant had two prior state convictions for possession of a controlled substance.[2]  Specifically, we applied the "hypothetical approach" to determine whether a prior state court conviction qualified as an aggravated felony for purposes of the eight-level enhancement.  The hypothetical approach focused on whether the state court conviction that served as the basis of the enhancement could have been punished as a felony under federal law, and, because second possession offenses can be prosecuted as felonies under the Controlled Substances Act,[3] we concluded that such offenses must be treated as aggravated felonies for sentencing purposes.[4]

Melendez-Marcia conceded in his opening brief on appeal that this precedent foreclosed his argument that his second possession offense did not qualify as an aggravated felony.  While this appeal was pending, however, the Supreme Court issued its decision in *Carachuri-Rosendo v. Holder*.  In that case,

---

[1] *See* U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.) § 2L1.2(b)(1)(C) (2008).

[2] *See, e.g.*, *United States v. Cepeda-Rios*, 530 F.3d 333, 335-36 (5th Cir. 2008) (per curiam) (holding that a second state conviction for simple possession qualified as an aggravated felony), *abrogated by Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010); *United States v. Sanchez-Villalobos*, 412 F.3d 572, 576-77 (5th Cir. 2005) (same), *abrogated by Carachuri-Rosendo*, 130 S. Ct. 2577.

[3] *See* 21 U.S.C. § 844(a).

[4] *Cepeda-Rios*, 530 F.3d at 335-36 ("Under the CSA, if his second possession offense had been prosecuted under federal law, it would have been punishable as a felony. . . . This is why Cepeda-Rios's second state conviction for possession must be treated as an aggravated felony for purposes of his sentence.").

the Court expressly rejected the hypothetical approach.[5] The Court instead held that "when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been 'convicted' under § 1229b(a)(3) of a 'felony punishable' as such 'under the Controlled Substances Act,' 18 U.S.C. § 924(c)(2)."[6] The Court further explained that "[t]he mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient."[7]   The effect of this holding is that the § 2L1.2(b)(1)(C) enhancement can apply only when the defendant's record of conviction for the second possession offense contains a "finding of the fact of his prior drug offense,"[8] thus establishing that the defendant was actually prosecuted as a recidivist.[9]

This court, often with no opposition from the Government, has vacated the sentences of several defendants who received the § 2L1.2(b)(1)(C) enhancement prior to *Carachuri-Rosendo* and remanded those cases for resentencing in light of the Court's decision.[10]   In this case, though, the Government suggests that we

---

[5] *Carachuri-Rosendo*, 130 S. Ct. at 2586-89.

[6] *Id.* at 2589.

[7] *Id.*

[8] *Id.* at 2586.

[9] *See Thomas v. Attorney General of the United States*, 625 F.3d 134, 145 (3d Cir. 2010) ("In *Carachuri-Rosendo v. Holder*, the Supreme Court focused on whether the record of the defendant's second state misdemeanor conviction contained 'any finding of the fact of his prior drug offense[,]' which would render the second state misdemeanor conviction a recidivist simple possession offense punishable under the Controlled Substances Act, hence an aggravated felony." (alteration in original)).

[10] *See, e.g.*, *United States v. Paniagua*, No. 09-20805, 2010 U.S. App. LEXIS 21772 (5th Cir. Oct. 22, 2010) (unpublished) (per curiam); *United States v. Zelaya*, No. 10-20111, 2010 U.S. App. LEXIS 19281 (5th Cir. Sept. 15, 2010) (unpublished) (per curiam); *United States v. Casimiro*, No. 10-20011, 2010 U.S. App. LEXIS 18488 (Sept. 1, 2010) (unpublished) (per curiam).

No. 09-50747

can affirm Melendez-Marcia's sentence.  First, the Government argues that Melendez-Marcia's 2007 conviction was in fact based on a prior drug offense and thus satisfies the Supreme Court's test from *Carachuri-Rosendo*.  And, second, the Government contends that even if the district court erred in its application of the § 2L1.2(b)(1)(C) enhancement to Melendez-Marcia, the sentencing record establishes that this error played no part in the district court's decision to impose a thirty-three month sentence.  We now address these arguments.

**A**

First, the Government suggests that the enhancement in this case comports with *Carachuri-Rosendo* because Melendez-Marcia's 2007 conviction was actually based on a prior drug offense.  Specifically, the Government notes that Melendez-Marcia's 2007 conviction was for "Possession of Marijuana 2nd" and that Melendez-Marcia's sentence for that conviction could only have been imposed if he was sentenced as a recidivist under the laws of the state of Virginia.[11]  We harbor serious concerns, however, as to whether the record currently before the court is adequate to support such a determination.

To wit, the Court in *Carachuri-Rosendo* directed that the § 2L1.2(b)(1)(C) enhancement only applies if the "record of conviction" for the second possession offense contains a "finding of the fact of his prior drug offense."[12]  The Court also observed that focusing on the record of conviction "comports with how [the Court has] categorized convictions for state offenses within the definition of generic federal criminal sanctions under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)."[13]  We have held that "in determining the character of an offense in the context of applying the Armed Career Criminal Act, the court is 'limited

---

[11] *See* VA. CODE ANN. § 18.2-250.1.

[12] 130 S. Ct. at 2586.

[13] *Id.* at 2587 n.12.

to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'"[14] Sole reliance on a presentence investigation report (PSR) to make that determination constitutes clear error.[15]

Since the only evidence we currently have before us is Melendez-Marcia's PSR, we abstain from determining on this record whether the § 2L1.2(b)(1)(C) enhancement continues to apply to him in light of *Carachuri-Rosendo*. The more appropriate course is to vacate the sentence and remand the case to the district court to apply *Carachuri-Rosendo* to these facts in the first instance. At that time, the Government can supplement the record with the documents it believes will establish that the enhancement applies to Melendez-Marcia.

**B**

As an alternative argument, the Government contends that, even if the § 2L1.2(b)(1)(C) enhancement should not apply to Melendez-Marcia, we need not vacate his sentence because the district court did not rely on the sentencing guidelines when it imposed the sentence. Any error in calculating Melendez-Marcia's guidelines sentence would thus be harmless.[16] Specifically, the Government points to the following statement from the district court:

> Now I'm finding that the guidelines are not adequate. And basically what I'm doing is I'm not basing this decision in this particular case based on the guidelines. It's still going to be a sentence that would

---

[14] *United States v. Rodriguez-Jaimes*, 481 F.3d 283, 287 n.3 (5th Cir. 2007) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

[15] *See United States v. Fambro*, 526 F.3d 836, 849 (5th Cir. 2008) ("Had the district court relied solely on the PSR in concluding that Fambro was an armed career criminal within the meaning of 18 U.S.C. § 924(e), the district court would have been in error.").

[16] *See, e.g.*, *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009) ("A procedural error during sentencing is harmless if the error did not affect the district court's selection of the sentence imposed." (internal quotation marks omitted)).

No. 09-50747

have fallen within the guidelines; but it's not a guidelines sentence. It is a *Booker* sentence for all of the reasons that I have just stated.

Relying on this circuit's decision in *United States v. Bonilla*, the Government argues that the district court's comments establish that Melendez-Marcia's sentence "did not result from" an error in calculating Melendez-Marcia's guidelines sentence.[17]  We reject the Government's argument, for two reasons.

First, we have observed that an error is harmless under *Bonilla* only when "the district court: (1) contemplated the correct [g]uideline range in its analysis and (2) stated that it would have imposed the same sentence even if that range applied."[18]  Here, the district court did not consider the guidelines range that would have applied to Melendez-Marcia absent the § 2L1.2(b)(1)(C) enhancement.[19]  The district court only considered Melendez-Marcia's enhanced guidelines range and, after finding that range "not adequate," nevertheless imposed a sentence within that range.

Second, although we recently recognized in *United States v. Ibarra-Luna* that an error can be harmless even if the district court did not consider the correct guidelines range in its analysis, such an error is harmless only if two requirements are met: (1) "the [G]overnment must convincingly demonstrate that the district court would have imposed a sentence outside the correct

[17] *See United States v. Bonilla*, 524 F.3d 647, 655-56 (5th Cir. 2008) (holding that an error in applying a sixteen-level crime of violence enhancement was harmless because "the resulting non-guideline sentence did not result from the district court's error in applying the crime of violence enhancement").

[18] *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008).

[19] *Cf. Bonilla*, 524 F.3d at 656-57 (holding an error harmless where "the record reflect[ed] no disagreement between the parties or confusion by the district court about the guidelines range before and after the enhancement"); *United States v. Tzep-Mejia*, 461 F.3d 522, 527 (5th Cir. 2006) (holding that a sentence "did not 'result' from an incorrect application of the [g]uidelines" when "the district court carefully considered the two possible [g]uideline ranges that could result depending on how it ruled on the defendant's objection to the crime of violence enhancement").

6

No. 09-50747

[g]uidelines range for the same reasons it gave for imposing a sentence outside the miscalculated [g]uidelines range"—in other words, that the district court would find the correct guidelines range inadequate for the very same reasons that it found the incorrect guidelines range inadequate—and (2) the Government "must show that the . . . sentence the district court imposed was not influenced in any way by the erroneous [g]uidelines calculation."[20]   We believe that our analysis here ends with *Ibarra-Luna*'s first requirement.  Specifically, although the district court found Melendez-Marcia's enhanced guidelines range inadequate, it nevertheless imposed a sentence within that range.  The district court's reasons for rejecting the guidelines range may well have differed had it been confronted with the correct guidelines range—which Melendez-Marcia contends would have been no more than twenty-four to thirty months of imprisonment—because the sentence imposed would then have represented an upward departure from the guidelines.  This case is thus unlike the one that confronted us in *Ibarra-Luna*, in which the district court upwardly departed from an erroneously calculated range that was already higher than the correct range.  As we explained in that case:

> That is not to say that it is not possible to show that the district court would unquestionably have rejected the correct [g]uidelines range for the very same reason it rejected the incorrect range.  This case provides one such example.  The district court explained that it was imposing an above-[g]uidelines sentence because it thought a sentence in the 12-to-18-month range was not long enough to prevent Ibarra from returning to society while he is still dangerous.  Had the [g]uidelines range been correctly calculated, the range would have been 6 to 12 months.  Yet if a sentence of 12 to 18 months is not long enough, then plainly a 6-to-12-month sentence also would not be long enough, for precisely the same reason that

---

[20] *United States v. Ibarra-Luna*, No. 09-40768, 2010 U.S. App. LEXIS 26017, at *15 (5th Cir. Dec. 22, 2010).

7

No. 09-50747

the district court gave.  In these circumstances, the error may be harmless.[21]

Under the instant circumstances, however, we cannot conclude that the district court would find Melendez-Marcia's unenhanced guidelines range inadequate for "precisely the same reason" that it rejected his enhanced guidelines range.  We thus cannot say that the Government has met the "heavy burden" of "demonstrat[ing] that the court actually *would* have followed the very same reasoning absent the error."[22]

\*       \*       \*

For the aforementioned reasons, we VACATE and REMAND for resentencing consistent with our opinion.

---

[21] *Id.* at \*13.

[22] *Id.* at \*12.

8