# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2011

Lyle W. Cayce
Clerk

No. 10-50264
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CARLOS PADRON, JR., also known as Juan Torres-Gonzalez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-643-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Padron, Jr., appeals the sentence imposed following his guilty plea conviction for illegal reentry after deportation, a violation of 8 U.S.C. § 1326. At sentencing, the district court found that Padron's second state conviction for possession of a controlled substance constituted an aggravated felony and enhanced his sentence by eight offense levels. *See* U.S.S.G. § 2L1.2(b)(1)(C). The district court ultimately sentenced Padron to 41 months

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of imprisonment, which is within the calculated guidelines range of 33 to 41 months.

However, the Government concedes that the district court improperly applied the aggravated felony enhancement in light of the Supreme Court's opinion in *Carachuri-Rosendo v. Holder,* 130 S. Ct. 2577 (2010). In *Carachuri-Rosendo,* the Supreme Court held that a second state offense for simple drug possession is not an aggravated felony if that conviction "has not been enhanced based on the fact of a prior conviction." 130 S. Ct. 2589 (2010). Here, the record does not establish that Padron was convicted of a second possession of cocaine offense under a recidivist statute or that this conviction was based on his prior conviction; thus, the district court erred in applying the aggravated felony enhancement. *See id.* Padron argues that, without the aggravated felony enhancement, his correct guidelines sentencing range was 24 to 30 months of imprisonment. The Government contends that we need not vacate Padron's sentence because the guidelines calculation error was harmless. Specifically, the Government argues that the district court imposed an alternative non-guidelines sentence.

We have held that guidelines calculation error is harmless where the district court has considered the correct range and has stated that it would impose the same sentence even if the that range applied. *United States v. Duhon,* 541 F.3d 391, 396 (5th Cir. 2008). In the instant case, there is no indication in the record that the district court considered the correct guidelines range. However, we recently held that a guidelines calculation error can be harmless even where the district court has not considered the correct range. *United States v. Ibarra-Luna*, 628 F.3d 712, 716-18 (5th Cir. 2010). The Government must "convincingly demonstrate" that the district court would have relied on the same reasons to impose a sentence outside of the correct range and must show that the sentence imposed "was not influenced in any way" by the incorrectly calculated range. *See id.* at 718-19.

No. 10-50264

In the instant case, Padron's 41-month sentence was at the top of the incorrectly calculated guidelines range of 33-41 months. If the district court had considered the correct guidelines range of 24-30 months, Padron's 41-month sentence would have represented either an upward departure or an upward variance from the guidelines range. Although the district court stated that the 41-month sentence was reasonable both with and without the Guidelines, we conclude that the Government has not convincingly demonstrated that, if the district court had considered the correct guidelines range, it would have relied on the same reasons to impose a 41-month sentence. *See Ibarra-Luna,* 628 F.3d at 718-19; *see also United States v. Melendez-Marcia,* No. 09-50747, 2011 WL 817926 at *3-4 (5th Cir. Jan. 24, 2011) (unpublished).

Therefore, we VACATE Padron's sentence and REMAND for resentencing consistent with this opinion.