**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2011

Lyle W. Cayce
Clerk

No. 10-50161
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

AGUSTIN RODRIGUEZ-BAZA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-603-1

Before DeMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Agustin Rodriguez-Baza appeals his sentence following his guilty plea
conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. At
sentencing, the district court found that Rodriguez-Baza's second state
conviction for possession of a controlled substance constituted an aggravated
felony and enhanced his sentence by eight offense levels. *See* U.S.S.G.
§ 2L1.2(b)(1)(C). The district court ultimately sentenced Rodriguez-Baza to 33

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

months of imprisonment, which is within the calculated guidelines range of 33 to 41 months.

The Government, however, concedes that the district court improperly applied the aggravated felony enhancement in light of the Supreme Court's opinion in *Carachuri-Rosendo v. Holder,* 130 S. Ct. 2577 (2010). In *Carachuri-Rosendo,* the Supreme Court held that a second state offense for simple drug possession is not an aggravated felony if that conviction "has not been enhanced based on the fact of a prior conviction." 130 S. Ct. at 2589. Here, the record does not establish that Rodriguez-Baza was convicted of a second possession of cocaine offense under a recidivist statute or that the conviction was based on his prior conviction; thus, the district court erred in applying the aggravated felony enhancement. *See id.* Rodriguez-Baza argues that, without the aggravated felony enhancement, his correct guidelines sentencing range would have been 24 to 30 months. The Government contends that we need not vacate Rodriguez-Baza's sentence because the guidelines calculation error was harmless. Specifically, the Government argues that the district court imposed an alternative non-guidelines sentence.

We have held that a guidelines calculation error is harmless if the district court has considered the correct range in its analysis and has stated that it would impose the same sentence even if that range applied. *United States v. Duhon,* 541 F.3d 391, 396 (5th Cir. 2008). In Rodriguez-Baza's case, there is no indication in the record that the district court considered the correct guidelines range. However, we recently held that a guidelines calculation error can be harmless even if the district court has not considered the correct range. *United States v. Ibarra-Luna*, 628 F.3d 712, 716-18 (5th Cir. 2010). The Government must "convincingly demonstrate that the court actually *would* have followed the very same reasoning absent the error" and "must show that the . . . sentence the district court imposed was not influenced in any way by the erroneous Guidelines calculation." *Id*. at 717-19 (emphasis in original).

No. 10-50161

Rodriguez-Baza's 33-month sentence was at the bottom of the incorrectly calculated guidelines range of 33-41 months. If the district court had considered the correct guidelines range of 24-30 months, Rodriguez-Baza's 33-month sentence would have represented either an upward departure or an upward variance from the guidelines range. Although the district court stated that the 33-month sentence was reasonable even without the Guidelines, we conclude that the Government has not convincingly demonstrated that, if the district court had considered the correct guidelines range, it would have relied on the same reasons to impose a 33-month sentence. *See Ibarra-Luna,* 628 F.3d at 717-19.

Therefore, we VACATE Rodriguez-Baza's sentence and REMAND for resentencing consistent with this opinion.