# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40218

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACOB MATTHEW MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1381

Before HIGGINBOTHAM, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jacob Matthew Martinez pleaded guilty to interfering with commerce by threats or violence in violation of 18 U.S.C. § 1951(a) and was sentenced to 87 months' imprisonment. Martinez appeals, contending that the district court reversibly erred when it imposed a four-level offense enhancement to his sentence pursuant to U.S.S.G. § 2B3.1(b)(2)(D) based on its finding that a dangerous weapon was "otherwise used" in the offense. The government contends that the district court correctly applied the § 2B3.1(b)(2)(D)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40218

enhancement and, in the alternative, that any error was harmless.[1]  For the following reasons, we VACATE Martinez's sentence and REMAND for resentencing.

## I.

On the morning of May 16, 2011, Martinez and three other men robbed a jewelry store in McAllen, Texas.  As the four men approached the store, Martinez signaled for the others to enter.  Martinez then ordered the store's employees to get on the ground and acted as a lookout while the other three men broke into the store's display cases, removed Rolex watches and diamond jewelry, placed the watches and jewelry into a duffle bag, and left the store within two minutes of their entry.  To break into the jewelry display cases, one of the men used a Fubar, a "metal functional utility bar, . . . used for prying, splitting, board bending and striking jobs." *United States v. Sanchez*, No. 14-40280, 2015 WL 1004384, at *1 (5th Cir. Mar. 9, 2015) (unpublished).  On November 22, 2011, Martinez pleaded guilty alongside his co-defendant, Miguel Angel Sanchez, to one count of interfering with commerce by threats or violence in violation of the Hobbs Act, 18 U.S.C. § 1951(a).

The presentence report (PSR) recommended that Martinez's offense level be increased by four levels because a dangerous weapon, the Fubar, was "otherwise used" in the offense.  *See* § 2B3.1(b)(2)(D).  Martinez objected to the § 2B3.1(b)(2)(D) enhancement, but the district court overruled his objection.  The district court determined that, with the four-level offense enhancement,

---

[1] Martinez also appeals his conviction, contending that 18 U.S.C. § 1951(a) is unconstitutional on its face and as applied to his case.  As Martinez correctly concedes, however, his arguments as to his conviction are foreclosed by circuit precedent and were raised only to preserve the issue for Supreme Court Review. *See United States v. Robinson*, 119 F.3d 1205, 1208-15 (5th Cir. 1997); *see also United States v. McFarland*, 311 F.3d 376 (5th Cir. 2002) (en banc); *United States v. Hickman*, 179 F.3d 230 (5th Cir. 1999) (en banc). We therefore affirm his conviction and address only the alleged sentencing error.

Martinez's advisory Guidelines imprisonment range was 63 to 78 months. The government requested a within-Guidelines 78-month sentence. The district court, however, concluded that Martinez's criminal history score underrepresented the seriousness of his criminal history and therefore upwardly departed to a Guidelines imprisonment range of 70 to 87 months. *See* U.S.S.G. § 4A1.3(a) (authorizing district courts to upwardly depart from the calculated Guidelines range "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history").

Before announcing Martinez's sentence, the district court asked the government how Martinez's involvement in the offense compared with his co-defendant's, Sanchez's, whom the court had, moments earlier, sentenced to 87 months in prison. The government replied that Martinez's involvement was "roughly the same" as Sanchez's. The district court then explained that, in consideration of Sanchez's sentence, as well as all the sentencing factors under 18 U.S.C. § 3553(a), it would impose a sentence of 87 months of imprisonment and three years of supervised release.[2] After announcing its sentence, the district court stated that if it "committed any error with regards to any guideline determination, [the court] want[ed] it to be clear that this would still be the [c]ourt's sentencing." Martinez filed a timely notice of appeal.

## II.

We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Section 2B3.1(b)(2)(D) authorizes a four-level increase to a defendant's offense level "if a dangerous weapon was

---

[2] Martinez was also ordered to pay a $100 special assessment and restitution in the amount of $223,627.40, for which he is jointly and severally liable.

otherwise used." § 2B3.1(b)(2)(D).  As defined in the Guidelines commentary, the term "'[o]therwise used' . . . means that the conduct did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm or other dangerous weapon." U.S.S.G. § 1B1.1, comment. (n.1(I)); *see* § 2B3.1, comment. (n.1).  In comparison, § 2B3.1(b)(2)(E) provides for a three-level offense increase if a dangerous weapon was "brandished."  The Guidelines explain that a dangerous weapon is "brandished" if "all or part of the weapon was displayed, or the presence of the weapon was otherwise made known to another person, in order to intimidate that person[.]"  § 1B1.1, comment. (n.1(C)).  We have held that "[d]isplaying a weapon without pointing or targeting should be classified as 'brandished,' but pointing the weapon at any individual or group of individuals in a specific manner should be 'otherwise used.'" *United States v. Dunigan*, 555 F.3d 501, 505 (5th Cir. 2009).  Stated differently, "[t]he threat to the victim must be specific rather than general[]" to warrant the four-level enhancement for "otherwise us[ing]" a dangerous weapon under § 2B3.1(b)(2)(D).  *Id.*

A panel of this court, addressing Martinez's codefendant's appeal of his 87-month sentence, recently held that the facts in this case do not support the district court's conclusion that any of the co-defendants here "otherwise used" a dangerous weapon and, therefore, the four-level offense enhancement under § 2B3.1(b)(2)(D) was erroneously imposed.  *See Sanchez*, No. 14-40280, 2015 WL 1004384, at *4-5 (unpublished) (vacating and remanding Sanchez's sentence after finding that the district court erred in increasing his offense level under § 2B3.1(b)(2)(D)).  We agree with the persuasive reasoning in the *Sanchez* opinion that, here,

> no individual verbally threatened to use a weapon against any victim.  The link between the Fubar and the verbal threat to get on the ground was too attenuated and general to warrant the

4

enhancement; Sanchez used the Fubar to smash the display cases and [Martinez] gave the verbal order. The district court gave weight to a finding that the Fubar's use was for purposes of intimidation, and actually did intimidate the employees. But a finding of intimidation, without more, is consistent with a finding of brandishment—intimidation is a required element of brandishing a weapon.

*Sanchez*, No. 14-40280, 2015 WL 1004384, at \*4. We conclude, as the panel in *Sanchez* did, that it was error to impose a four-level enhancement under § 2B3.1(b)(2)(D) for "otherwise using" a dangerous weapon because neither Martinez nor any co-defendant involved in the offense ever used a dangerous weapon to threaten any victim or individual present during the robbery in a specific manner.

Our conclusion that the four-level enhancement under § 2B3.1(b)(2)(D) was erroneous, however, does not end our inquiry. We need "not vacate and remand for resentencing, [] if the guidelines calculation error is harmless— that is the error 'did not affect the district court's selection of the sentence imposed.'" *United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012) (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)). "[T]he harmless error doctrine applies only if the proponent of the sentence convincingly demonstrates both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing." *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010). "This is a heavy burden." *Id.* at 717.

Here, the government contends that any error was harmless because the district court remarked that, even if it erred in any Guidelines calculation, "this would still be the [c]ourt's sentencing." While ordinarily this type of statement would support a finding of harmless error, because of the specific circumstances of the sentencing colloquy in this case, we disagree and conclude that the government has not met its heavy burden to show that the district

court would have imposed the same sentence for the same reasons that it did at the sentencing hearing had it not made the error. *See Ibarra-Luna*, 628 F.3d at 718; *Richardson*, 676 F.3d at 511.

First, the government has not convincingly demonstrated that, absent the error, the district court would have selected an 87-month sentence. After erroneously calculating the Guidelines range as 63 to 78 months, the district court announced that it was upwardly departing to a range of 70 to 87 months, to sufficiently reflect Martinez's criminal history. Before deciding what sentence to select within that heightened range, the district court expressly considered the fact that it had just sentenced Sanchez, Martinez's co-defendant, to an 87-month sentence. As explained above, a panel of this court has since vacated Sanchez's 87-month sentence and has sent his case back to the district court for resentencing. If Sanchez had not been sentenced to 87 months—which, based on this court's recent ruling vacating his 87-month sentence, he may no longer be—the district court may not have chosen an equivalent 87-month sentence for Martinez, particularly had it first considered the properly-calculated Guidelines range of 57 to 71 months. The district court's remarks at sentencing may demonstrate that, absent the error, the district court would have nonetheless upwardly departed to a range of 70 to 87 months and selected a sentence within that range. However, the district court's "caveat" that, regardless of any Guidelines error, the sentence would be the same, does not adequately "explain[] that the court would have reached the same conclusion" and selected the exact same 87-month sentence for Martinez—a sentence sixteen months above the top of the properly-calculated Guidelines range—had Sanchez not already been sentenced to 87 months' imprisonment. *Cf. United States v. Robinson*, 741 F.3d 588, 603 (5th Cir. 2014). Accordingly, "[o]n these facts, we are left uncertain as to whether the

district court would have imposed the same [87-month] sentence absent" the error. *United States v. Johnson*, 648 F.3d 273, 278 (5th Cir. 2011).

Second, even if the Guidelines error "may not have affected the precise length of the sentence, . . . an error in selecting a non-Guidelines sentence may not be dismissed as harmless unless the proponent shows 'both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so *for the same reasons it gave* at the prior sentencing.'" *Johnson*, 648 F.3d at 279-80 (5th Cir. 2011) (quoting *Ibarra-Luna*, 628 F.3d at 714) (emphasis in original).  One of the district court's express reasons for imposing the 87-month sentence—parity with Sanchez's sentence—is no longer a viable basis for Martinez's sentence.  This changed circumstance precludes us from concluding that, absent the error, the district could would have imposed the same 87-month sentence *for the same reasons* it gave at the prior sentencing.  *Accord United States v. Padron*, 425 F. App'x 290, 291 (5th Cir. 2011) (unpublished) (concluding that "[a]lthough the district court stated that the 41-month sentence was reasonable both with and without the Guidelines, we conclude that the Government has not convincingly demonstrated that, if the district court had considered the correct guidelines range, it would have relied on the same reasons to impose a 41-month sentence." (citing *Ibarra-Luna*, 628 F.3d at 718-19)); *United States v. Rodriguez-Baza*, 481 F. App'x 105, 107 (5th Cir. 2011) (unpublished) (same).

We therefore "remand this case for resentencing [] so that the able district judge may be entrusted, in his sound discretion, to select an appropriate sentence in light of our holding." *Johnson*, 648 F.3d at 280.  "'[W]e recognize the distinct possibility that the district court might again impose . . . the same [87-month] sentence it originally imposed.'" *Id.* (quoting *United States v. Tello*, 9 F.3d 1119, 1131 (5th Cir. 1993)).  "And should it do so,

No. 14-40218

we are confident it will be on a record from which the uncertainties that crept in here have been vanquished." *Id.*

## III.

For the above-stated reasons, we AFFIRM Martinez's conviction, but VACATE Martinez's sentence and REMAND to the district court for resentencing.