**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 19-1148

———————————

UNITED STATES OF AMERICA

v.

DMILL POLLEY,
Appellant

———————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:18-cr-00196-001)
District Judge: Hon. John R. Padova

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
October 21, 2019

Before: GREENAWAY, JR., PORTER, and COWEN, Circuit Judges.

(Filed: November 19, 2019)

———————————

OPINION*

———————————

PORTER, *Circuit Judge.*

———————————

&ast; This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Dmill Polley challenges his sentence of 36 months' imprisonment. The sole issue on appeal is whether, under U.S.S.G. § 2B3.1(b)(2)(D), Polley "otherwise used" a mini-sledgehammer by using it to break a display case during a jewelry store robbery. Because the District Court correctly concluded that he did, we will affirm.

**I**

Polley and two accomplices robbed a jewelry store of $136,650 in Rolex watches. To accomplish the robbery, Polley and his accomplices smashed a display case with mini-sledgehammers. Polley eventually pleaded guilty to robbery under 18 U.S.C. §§ 2, 1951(a).

The District Court enhanced Polley's sentence because "a dangerous weapon was otherwise used" and sentenced him to 36 months' incarceration. The sentence included a 21-month downward variance and was to run consecutively with an unrelated sentence Polley was serving at the time. Polley timely appealed.

**II**

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

**III[1]**

On appeal, Polley challenges only the enhancement of his sentence for "otherwise us[ing]" a dangerous weapon under U.S.S.G. § 2B3.1(b)(2)(D). He argues that our precedent requires a specific threat of interpersonal violence for the enhancement to apply. Thus, he argues, his conduct merits enhancement for only brandishing or possessing a dangerous weapon. He is mistaken.

The Sentencing Guidelines instruct a District Court to enhance the base offense level for robbery by four levels "if a dangerous weapon was otherwise used" during the robbery. U.S.S.G. § 2B3.1(b)(2)(D). And when "a dangerous weapon was brandished or possessed," the Guidelines call for a three-level enhancement. *Id.* § 2B3.1(b)(2)(E). The Guidelines define "otherwise used" as "conduct [that] was more than brandishing, displaying, or possessing" a dangerous weapon. *Id.* § 1B1.1, cmt. n.1(J). "Brandish[ing]" is defined as displaying or otherwise making a dangerous weapon known to another person "in order to intimidate that person." *Id.* § 1B1.1, cmt. n.1(C).

Our decision in *United States v. Johnson*, 199 F.3d 123 (3d Cir. 1999) is highly instructive. Johnson and a co-defendant smashed a display case while robbing a jewelry store. *Id.* at 124. During the robbery, a third accomplice held a baseball bat overhead and threatened to hit an employee. *Id.* at 124–25, 127–28. We observed that other courts of

---

[1] We review a District Court's factual findings for clear error and legal conclusions de novo. *United States v. Johnson*, 199 F.3d 123, 125 (3d Cir. 1999). Polley objected to the "otherwise used" enhancement below. Thus, we review de novo the District Court's legal conclusion that the "otherwise used" enhancement applies here to undisputed facts. *See United States v. Orr*, 312 F.3d 141, 143 (3d Cir. 2002) (citing *id.*).

appeals "have generally distinguished between the general pointing or waving about of a [dangerous] weapon, which amounts to 'brandishing,' and the pointing of a [dangerous] weapon at a specific victim or group of victims to force them to comply with the robber's demands." *Id.* at 126. We agreed that "a person may 'brandish' a [dangerous] weapon to 'advise' those concerned that he possesses the general ability to do violence[.]" *Id.* at 127 (quoting *United States v. LaFortune*, 192 F.3d 157, 161 (1st Cir. 1999)). "Altering this general display of weaponry … is a cessation of 'brandishing' and the commencement of 'otherwise used.'" *Id.* (quoting *LaFortune*, 192 F.3d at 161–62).[2]

We applied this reasoning to conclude that Johnson's own conduct during the robbery—smashing a display case—merited the enhancement. *Id.* at 127–28. We explained that "Johnson did not merely stand at the front of the store holding the sledgehammer for some legitimate purpose." *Id.* at 128. He rather "used it to smash jewelry cases in front of customers and employees, while his co-defendant held a baseball bat aloft to 'break necks' or 'knock heads off.'" *Id.*

Polley smashed a display case with a mini-sledgehammer—the exact conduct that merited an "otherwise used" enhancement in *Johnson*. *See id.* at 127–28. Applying our

---

[2] We also explained that, "[p]ointing a weapon at a specific person or group of people, in a manner that is explicitly threatening, is *sufficient* to make out 'otherwise use' of that weapon. *Johnson*, 199 F.3d at 127 (emphasis added). Polley argues this threatening activity should be *necessary* for the enhancement under *United States v. Sanchez*, 603 F. App'x 259 (5th Cir. 2015) and *United States v. Martinez*, 614 F. App'x 165 (5th Cir. 2015). We disagree because, unlike the Fifth Circuit, we have not adopted a "specific threat" requirement for the "otherwise used" enhancement and will not do so here. *See Orr*, 312 F.3d at 145. ("Neither the guidelines nor the caselaw requires … a verbalized threat to harm the victim in order to constitute 'otherwise used'.").

4

own precedent, we are satisfied that Polley "'otherwise used' a [dangerous] weapon, even though he did not make [an] explicit verbal threat, because his conduct was 'equally coercive and threatening.'" *See id.* (quoting *LaFortune*, 192 F.3d at 160).

Polley responds that the threatening context of Johnson's bat-wielding co-defendant was essential to *Johnson*'s holding. It was not. But even if Polley were correct, applying the enhancement based on his conduct aligns with *Johnson*'s reasoning. This Court found persuasive that altering a general display of weaponry is a "cessation of 'brandishing' and the commencement of 'otherwise used.'" *Id.* at 127 (quoting *LaFortune*, 192 F.3d at 161-62). Polley altered his "general display of weaponry" by smashing the display case with his mini-sledgehammer. *See id*. Indeed, even if Polley did not specifically threaten any person with harm, he employed actual violence.[3] We conclude that he "otherwise used" a dangerous weapon.[4]

---

[3] Polley also argues that the enhancement cannot apply because the Supreme Court observed that U.S.S.G. § 2B3.1(b)(2) involves a "peculiar hierarchy of culpability." *See Smith v. United States*, 508 U.S. 223, 232 (1993). We find this argument unavailing. We have said that brandishing means "advis[ing] those concerned that he possesses the general ability to do violence, and that violence is imminently or immediately available[.]" *Johnson*, 199 F.3d at 127 (quoting *LaFortune*, 192 F.3d at 161). Thus, Polley's violent use of a dangerous weapon, even against property, is more culpable than brandishing.

[4] Polley also argues that conduct meriting the "otherwise used" enhancement must pose a greater risk of injury compared to conduct meriting the "brandished, displayed, or possessed" enhancement." We need not decide this issue here because, even under Polley's proposed rule, his conduct would merit the enhancement. Swinging a mini-sledgehammer and smashing a display case pose a greater risk of injury than merely brandishing a mini-sledgehammer.

**IV**

The District Court correctly concluded that Polley merited the "otherwise used" enhancement, so we will affirm its judgment of conviction.