# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50426
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LARRY DARNELL NUNEZ, also known as LayLow,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-146-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Larry Darnell Nunez appeals following the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction following an amendment to the Sentencing Guidelines which lowered his guideline range. *See* U.S.S.G. § 1B1.10(a), p.s. In 2008, Nunez was sentenced above his guideline range, to 200 months of imprisonment following his guilty plea to conspiring to possess with the intent to distribute 50 grams or more of cocaine in violation of 21

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50426

U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 846.  In 2012, the district court granted Nunez a sentence reduction under § 3582(c)(2) and reduced his sentence from 200 months to 148 months.  In denying Nunez's second § 3582(c)(2) motion and his motion for reconsideration, the district court noted that Nunez's original sentence of 200 months of imprisonment was reasonable under the circumstances due to his extensive criminal history and the circumstances of his offense.  The court concluded that even in light of Nunez's positive behavior while imprisoned, the current sentence of 148 months is more than reasonable, protects the public from further crimes of this defendant, and deters the type of criminal conduct he has displayed in the past.

Reductions under § 3582(c)(2) are not mandatory.  *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).  The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion.  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

The district court reiterated the 18 U.S.C. § 3553(a) factors it considered in selecting Nunez's original sentence, and it explained why those factors were also significant to its conclusion that a further reduction was unwarranted.  The court also gave due consideration to Nunez's post-sentencing behavior, although it concluded that such behavior did not warrant a further reduction in sentence.  The court's failure to specifically mention Nunez's substance abuse issues and his troubled upbringing does not mean that the court did not consider them.  *See Henderson*, 636 F.3d at 718.  Nunez's contention that the district court gave undue weight to the § 3553(a) factors it considered in imposing his original sentence fails because the district court was not required to discount those factors merely because they were already considered at the original sentencing.  *See, e.g., United States v. Evans*, 587 F.3d 667, 673 & n.11 (5th Cir. 2009) (noting that despite the movant's alleged reformation, the facts

2

that led to his original high-end sentence remained).  Nunez provides no details of the sentences or records of the defendants who purportedly have been granted sentence reductions.  Accordingly, his contention that the denial of his motion results in an unwarranted sentencing disparity thus fails.  *See United States v. Duhon*, 440 F.3d 711, 721 (5th Cir. 2006).

AFFIRMED.